UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR EARL FRANKLIN ELROD, | No. 2:17-cv-1684 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. However, because this court finds summary dismissal of this action is appropriate, no filing fee will be imposed.

Plaintiff names as defendants the Solano County Superior Court, Superior Court Judge Camp; the prosecutor; Solano County psychologists; the Vallejo Police Department; and a lawyer by the name of Barry K. Newman. While plaintiff's allegations are difficult to parse, it appears that the gravamen of plaintiff's claims pertain to the substance of what occurred in the underlying

1

criminal proceedings in Solano County Superior Court.  Plaintiff also complains that his lawyer, Barry Newman, failed to file a writ of habeas corpus on plaintiff's behalf because of plaintiff's "incompetence." (ECF No. 1 at 4.)  Plaintiff asks the court to overturn his cases. (ECF No. 1 at 6.)

Review of the Solano County Superior Court case dockets[1] for the state cases cited by plaintiff confirm that further hearings in these state criminal cases will take place on September 18, 2017.  (Solano County Superior Court Case Nos. FCR329537; VCR229334; VCR229122, VCR226103, VCR229374.)

First, plaintiff's claim against attorney Newman is unavailing in federal court.  Plaintiff's court-appointed attorneys cannot be sued under § 1983.  See Polk County v. Dodson, 454 U.S. 312, 318-19 (1981) (public defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions).  Moreover, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Second, state judges are entitled to absolute immunity for their judicial acts.  Swift v. California, 384 F.3d 1184, 1188 (9th Cir. 2004).  Judicial immunity may be extended to other officials if their "judgments are functionally comparable to those of judges - that is, because they, too, exercise a discretionary judgment as part of their function." Id. (alterations and internal quotation marks omitted).  Prosecutors are likewise entitled to absolute prosecutorial immunity.  Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986) ("Where a prosecutor acts as an advocate 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." (quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976)); see also Lacey v. Maricopa Cnty., 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts.").

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the Solano County Superior Court is courtconnect.solano.courts.ca.gov.

Third, if plaintiff wishes to overturn a criminal conviction, he must file an appeal to the California Court of Appeal. Here, plaintiff filed a civil rights action under 42 U.S.C. § 1983, which challenges the conditions of the prisoner's confinement. By contrast, a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 challenges the fact or duration of a petitioner's conviction.

Finally, this court is barred from directly interfering with ongoing criminal proceedings in state court, absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 46 (1971); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir.1985) ("When a state criminal prosecution has begun the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."). Here, plaintiff has not alleged extraordinary circumstances. Younger, 401 U.S. at 48-50. Plaintiff may raise any constitutional claims in his ongoing criminal proceedings in state court. Lebbos v. Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'").

Because plaintiff cannot cure his pleading defects by filing an amended complaint, his complaint is dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed without leave to amend;

2. No fee is imposed pursuant to plaintiff's application to proceed in forma pauperis; and

3. The Clerk of the Court is directed to close this case.

Dated: September 1, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/elro1684.younger

3